**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4425

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS CURETON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:16-cr-00087-RDB-1)

Submitted: December 20, 2018                   Decided: December 26, 2018

Before DIAZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Teresa Whalen, LAW OFFICE OF TERESA WHALEN, Silver Spring, Maryland, for Appellant. Patricia Corwin McLane, Assistant United States Attorney, Lauren Elizabeth Perry, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Cureton appeals his convictions and 180-month sentence imposed following his guilty plea to Hobbs Act robbery and conspiracy to commit the same, in violation of 18 U.S.C. § 1951(a) (2012). On appeal, Cureton's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Cureton's guilty plea and the reasonableness of his sentence. Although notified of his right to do so, Cureton has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver contained in Cureton's Fed. R. Crim. P. 11(c)(1)(C) plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during

2

the Rule 11 colloquy, the waiver is both valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

Our review of the Rule 11 colloquy confirms that Cureton knowingly and voluntarily waived his right to appeal his convictions and any sentence lower than or equal to 180 months. Because the district court imposed the parties' agreed-upon 180-month sentence, we conclude that Cureton's valid appeal waiver bars his sentencing challenge. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to Cureton's sentencing claim and any other issues within the compass of the waiver.

However, because a defendant cannot waive a colorable claim that his plea was not knowing and voluntary, *see, e.g.*, *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994), we consider the validity of Cureton's guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Cureton did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009). Based on our review of the Rule 11 hearing, we conclude that Cureton's plea was knowing, voluntary, and

3

supported by an independent basis in fact, and that the district court therefore committed no error in accepting Cureton's valid guilty plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Cureton's valid appeal waiver. Accordingly, we dismiss the appeal in part and affirm the district court's judgment as to any issues not precluded by the appeal waiver. This court requires that counsel inform Cureton, in writing, of the right to petition the Supreme Court of the United States for further review. If Cureton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cureton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*